IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40781-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEBASTIAN CORTES AGUILAR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, C.J. — Sebastian Cortes Aguilar was found guilty of first degree murder—domestic violence and second degree assault—domestic violence after fatally stabbing his wife, Ortencia Arroyo Alejandre, in 2011 during a domestic altercation witnessed in part by their daughter. After his convictions were affirmed on appeal, Cortes Aguilar filed a post-conviction motion seeking DNA testing of the crime scene for his own blood under RCW 10.73.170. The trial court denied the motion and this court affirmed based on the grounds that he did not meet the statutory threshold to secure additional testing. Cortes Aguilar then filed a second motion for post-conviction DNA testing on the knife used in the killing of his wife, blood samples from his shirt, and swabs of DNA from his vehicle. In support of his motion, Cortes Aguilar argued the results would support his claim of self-defense and potentially either reduce his culpability from first degree

murder to manslaughter or negate his culpability entirely. The trial court disagreed and denied his motion with prejudice.

Cortes Aguilar appeals, arguing his second motion provided adequate information to satisfy RCW 10.73.170 and should have been granted. We affirm.

Regardless of whether Cortes Aguilar can meet the procedural requirements for DNA testing, he fails to meet the substantive requirements of RCW 10.73.170 because, even assuming the tests would provide the results claimed by Cortes Aguilar, the results would not establish his innocence. Nonetheless, we remand with instructions to strike that portion of the order denying Cortes Aguilar's motion "with prejudice." The trial court abused its discretion in holding that the statute precludes successive motions. We do not decide whether and under what circumstances other procedural requirements would preclude a successive motion.

## BACKGROUND

Because this is the second appeal in this case, the facts are largely drawn from our prior opinions.[1]

In August 2011, Cortes Aguilar confronted his wife about telephone conversations she had with another man. Shortly thereafter, the two engaged in a violent argument and

---

[1] *State v. Aguilar*, 176 Wn. App. 264, 308 P.3d 778 (2013) (*Aguilar* I) and *State v. Aguilar*, No. 39446-8-III, slip op. (Wash. Ct. App. Apr. 4, 2024) (unpublished), http://www.courts.wa.gov/opinions/pdf/394468_unp.pdf. (*Aguilar* II).

Cortes Aguilar stabbed his wife to death. Alejandre sustained five stab wounds during the attack, as well as various defensive wounds on her hands and arms. The couple's 13-year-old daughter was present at the time of the exchange and also suffered injuries. After killing his wife, Cortes Aguilar fled the scene and contacted a friend to request shelter in the friend's garage.

Upon being arrested, Cortes Aguilar told police that Alejandre attacked him with a knife she was using to peel cucumbers, cutting him on the hand. He described the events to Officer Keith Kellogg as follows:

> Ms. Arroyo Alejandre threatened to kill him, so he grabbed the knife and attacked her to prevent being harmed or killed. Mr. Cortes stated that he intended to stab Ms. Arroyo Alejandre in the throat, but did not think that he would kill her if he stabbed her in that area. Mr. Cortes said that he acted out because of Ms. Arroyo Alejandre's words and actions. Officer Kellogg testified that he saw cuts to Mr. Cortes's hand and shoulder, which, according to Mr. Cortes, came from Ms. Arroyo Alejandre.

*Aguilar*, 176 Wn. App. at 268.

Cortes Aguilar's claim of self-defense was disputed at trial by the testimony of the couple's daughter, who stated that Cortes Aguilar first beat Alejandre with a belt before retrieving a knife from the kitchen and continuing the attack. Cortes Aguilar maintains that Alejandre initiated the confrontation and that the knife involved in the struggle differed from the knife he used to open beers that night.

Following trial, Cortes Aguilar was convicted of first degree murder—domestic violence and second degree assault—domestic violence. On direct appeal, Cortes

3

Aguilar challenged his convictions on the grounds of insufficient evidence and ineffective assistance of counsel. This court affirmed both convictions.

In 2021, Cortes Aguilar moved for post-conviction DNA testing, specifically requesting the trial court authorize the testing of 26 items of evidence that were not tested prior to his trial. The trial court denied his motion for failure to meet statutory requirements, and Cortes Aguilar appealed. On appeal, we held that Cortes Aguilar did not fulfill his procedural or substantive burden as required by RCW 10.73.170 and concluded the trial court properly ruled against the additional testing. Specifically, we explained that "such a discovery would merely duplicate evidence the jury already heard." *Aguilar* II, slip op. at 8.

In September 2024, Cortes Aguilar filed a second motion for post-conviction DNA testing. Cortes Aguilar sought testing of the knife recovered at the scene, the shirt he wore that night, and swabs collected from the driver's seat of the vehicle he used to flee—all items for which he previously sought testing. In his motion, he argued that the evidence at trial conflicted on whether the knife that Cortes Aguilar used to stab Alejandre was being used by Alejandre in the kitchen to peel cucumbers or was being used in the living room to open beer bottles.

In his motion, Cortes Aguilar asserts that testing his shirt will show his own blood near perforations in the shirt. He claims that this blood/DNA evidence will support his "version and sequence of events that these wounds were inflicted by Alejandre before he

4

took the knife" and used it in self-defense. He asserts that DNA evidence from his shirt will substantiate his claim of self-defense and tend to show that the killing was not intentional, but instead reckless or negligent.

During the hearing on the motion, Cortes Aguilar attempted to explain how this subsequent motion differed from his previous request. The trial court concluded Cortes Aguilar's second motion merely restated the previously rejected claims and ultimately denied the petition. At the State's request, the court denied the motion with prejudice, noting the likelihood that Cortes Aguilar would continue filing similar, repetitive motions in the future.

Cortes Aguilar appeals.

## ANALYSIS

1. MOTION FOR DNA TESTING

As a preliminary matter, we note that this second motion for DNA testing is substantially similar to Cortes Aguilar's first motion, which was the subject of Cortes Aguilar's second appeal in this court. While Cortes Aguilar has added substance to his arguments and narrowed the list of items he asks to be tested, he does not claim that new evidence or advances in technology precluded him from raising these arguments in his first motion.

While it is likely that this issue or particular claim is precluded from review, the State does not raise or argue issue or claim preclusion in any form. Nor does the State

raise "law of the case doctrine." *See* RAP 2.5(c). Instead, the State addresses the merits of Cortes Aguilar's motion. The State's failure to raise these defenses restricts our response to the motion.

We review trial court denials of postconviction DNA testing using the abuse of discretion standard. *State v. Riofta*, 166 Wn.2d 358, 369-70, 209 P.3d 467 (2009). We will not reverse the trial court's determination unless the decision is "manifestly unreasonable." *State v. Dye*, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013). A decision is "manifestly unreasonable," if "it falls 'outside the range of acceptable choices, given the facts and the applicable legal standard.'" *Id.* (quoting In re Marriage of Littlefield, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997)).

In Washington, a person convicted of a felony and currently serving a term of imprisonment may move the trial court for additional DNA testing. *See* RCW 10.73.170. The statute sets forth procedural and substantive requirements for the motion:

> (2) The motion shall:
>> (a) State that:
>>> . . . .
>>> (iii) The DNA testing now requested would be significantly more accurate than prior DNA testing or would provide significant new information;
>> (b) Explain why DNA evidence is material to the identity of the perpetrator of, or accomplice to, the crime, or to sentence enhancement; and
>> (c) Comply with all other procedural requirements established by court rule.

(3) The court shall grant a motion requesting DNA testing under this section if such motion is in the form required by subsection (2) of this section, and the convicted person has shown the likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis.

RCW 10.73.170.

The procedural requirements are considered lenient, while the substantive requirement is considered onerous. *State v. Braa*, 2 Wn. App. 2d 510, 517, 520, 410 P.3d 1176 (2018).

Here, regardless of whether Cortes Aguilar's motion meets the more lenient procedural requirements, he fails to meet his burden of demonstrating the onerous substantive requirement. Under RCW 10.73.170(2)(b), Cortes Aguilar must state how the test results are material to the identity of the perpetrator. When the defendant asserts that favorable test results would prove self-defense and thus negate the existence of a crime and a perpetrator, the motion satisfies the requirement of showing how the test results are relevant to the identity of the perpetrator under RCW 10.73.170(2)(b). *Id.* at 519. Cortes Aguilar argues that DNA testing will prove his claim of self-defense.

Under the substantive requirement, the superior court is required to presume a DNA test result that is favorable or exculpatory to the defendant. *Id*. at 520. In doing so, however, the court must also consider all the other evidence against the defendant that was produced at trial. *Id.* at 519. Ultimately, we "look to whether, considering all the evidence from trial and assuming an exculpatory DNA test result, it is likely the

individual is innocent on a more probable than not basis." *State v. Crumpton*, 181 Wn.2d 252, 260, 332 P.3d 448 (2014).

In this case, for purposes of evaluating the substantive requirement, we assume that testing of the knife, the shirt, and the car seats would be favorable by revealing Cortes Aguilar's blood and DNA. However, when viewed in the context of the other evidence, Cortes Aguilar fails to demonstrate how the favorable test results will, on a more likely than not basis, show that Cortes Aguilar was justified in using the knife to stab his wife in self-defense, thus demonstrating his innocence. *See Braa*, 2 Wn. App. 2d at 521 (regardless of the State's burden at trial, the statute places the burden on the defendant to demonstrate the entitlement to DNA testing).

Cortes Aguilar argues that test results showing his blood and DNA on his shirt and car seat will show cumulatively that Alejandre attacked Cortes Aguilar first.[2] However, as we already held in *Aguilar* II, even if we presume that Alejandre first attacked Cortes Aguilar with a knife, it does not justify a claim of self-defense as either excusable (accidental) or justifiable homicide. *Aguilar* II, at *2. Even if Cortes Aguilar took the knife from Alejandre (which was disputed by the testimony at trial), there is no dispute

_____

[2] Cortes Aguilar also asked that the knife be tested for cucumber DNA, asserting that such results would show that the knife was being used by Alejandre before the attack and thus support his theory that Alejandre initiated the attack. Because we decide that Cortes Aguilar's motion fails even assuming Alejandre initiated the attack, we do not decide whether Cortes Aguilar is able to establish that testing the knife for vegetation DNA is possible or will provide new information. RCW 10.73.170(2)(a)(iii).

8

that Alejandre was unarmed when Cortes Aguilar inflicted multiple successive stab wounds on her and intentionally stabbed her in the throat. Because Cortes Aguilar has failed to assert an explanation for how the admission of this evidence would demonstrate a probability of his innocence, he fails to satisfy the substantive burden that the statute requires.

2.   DISMISSAL WITH PREJUDICE

Cortes Aguilar brings attention to the trial court's decision to dismiss his motion with prejudice. He argues the trial court abused its discretion by dismissing his motion with prejudice because nothing in the statute bars a person from bringing successive requests for post-conviction DNA testing. The State asserts that dismissal with prejudice was proper because Cortes Aguilar will continue to bring the same motion.

We conclude the trial court abused its discretion in granting the State's request to deny the motion with prejudice based on its belief that the statute allows only one such motion. Nothing in RCW 10.73.170 precludes a subsequent motion, particularly if a subsequent motion meets the procedural and substantive requirements.

Our decision does not preclude the State from raising other procedural defenses to a successive motion, but it needs to develop these arguments on the record.

We affirm the trial court's order denying Cortes Aguilar's second motion for DNA testing but remand to strike that portion of the order denying the motion "with prejudice."

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, C.J.

WE CONCUR:

_____
Hill, J.

_____
Murphy, J.